IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Ubong Christopher Ubokudom

JuJu (minor),

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-against-

Walmart Inc.

*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

**Complaint for a Civil Case**

Case No. _____
*(to be filled in by the Clerk's Office)*

Jury Trial:     ☒ Yes     ☐ No
                *(check one)*

I.  **The Parties to This Complaint**

    A.  **The Plaintiff(s)**

        Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Ubong Christopher Ubokudom |
| Street Address | P.O. Box 1594 |
| City and County | Columbia, Richland |
| State and Zip Code | South Carolina 29202 |
| Telephone Number | 248-952-7833 |

    B.  **The Defendant(s)**

        Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Walmart Inc. |
| Job or Title (if known) | |
| Street Address | 2 Office Park Court Suite 103 |
| City and County | Columbia, Richland |
| State and Zip Code | South Carolina , 29223 |
| Telephone Number | |

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title (if known) | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |

Defendant No. 3

| | |
|---|---|
| Name | |

2

Job or Title
(if known)            _____

Street Address        _____

City and County       _____

State and Zip Code    _____

Telephone Number      _____

Defendant No. 4

Name                  _____

Job or Title
(if known)            _____

Street Address        _____

City and County       _____

State and Zip Code    _____

Telephone Number      _____

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☐ Federal question          ☒ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.    If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

_____

_____

_____

3

**B.     If the Basis for Jurisdiction Is Diversity of Citizenship**

1. The Plaintiff(s)

   a. If the plaintiff is an individual

      The plaintiff, *(name)* <u>Ubong Christopher Ubokudom</u>, is a citizen of the State of *(name)* <u>South Carolina</u>.

   b. If the plaintiff is a corporation

      The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

   *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

   a. If the defendant is an individual

      The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. *Or* is a citizen of *(foreign nation)* _____.

   b. If the defendant is a corporation

      The defendant, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____. *Or* is incorporated under the laws of *(foreign nation)* _____, and has its principal place of business in *(name)* _____.

   *(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

4

3.  The Amount in Controversy

    The amount in controversy—the amount the plaintiff claims the defendant owes or the amount at stake—is more than $75,000, not counting interest and costs of court, because *(explain)*:

    The items that were consumed by the plaintiff's were defective and unreasonably dangerous. These items caused the plaintiffs to experience physical, emotional, and mental injury.

III. **Statement of Claim**

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

See attachment

IV. **Relief**

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

See attachment

V. **Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

A.  **For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 9/17/____, 20__.

Signature of Plaintiff  _____
Printed Name of Plaintiff   Ubong Christopher Ubokudom, JuJu (Minor)

B.  **For Attorneys**

Date of signing: _____, 20__.

Signature of Attorney  _____
Printed Name of Attorney  _____
Bar Number  _____
Name of Law Firm  _____
Address  _____
Telephone Number  _____
E-mail Address  _____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

                                                                                Civil Complaint

<u>Ubong Christopher Ubokudom, JuJu (minor)</u>
    PLAINTIFF                                                                   JURY DEMAND

VS.

<u>Walmart Inc.</u>
    DEFENDANT(S)                                                                RCV'D - USDC COLA SC
                                                                                SEP 17 '25 PM 4:37

## CIVIL COMPLAINT

Now comes Ubong Christopher Ubokudom and JuJu (minor) "Plaintiffs'", complaining as to Walmart Inc. "Defendant", as follows:

## NATURE OF ACTION

1. Plaintiffs brings this action pursuant under the 28 U.S.C. § 1332, Elliott-Larsen Civil Rights Act,, Michigan Compiled Laws 750.436, Michigan Compiled Laws 750.91, Michigan Compiled Laws 600.2949a, Michigan Compiled Laws 289.111. Plaintiffs comes now and sues <u>Walmart Inc.</u> for discrimination, gross negligence and strict liability, for willful and wanton disregard of the rights, safety, and welfare of Ubong Christopher Ubokudom and his daughter, JuJu, due to the defective state in which, the silk unsweetened almond milk and Quaker instant oatmeal apples and cinnamon, were sold by Sam's Club, owned by the defendant, and for the marketing defect of no warning, or in the alternative, insufficient warning, because Sam's Club, owned by Walmart Inc., fully knew and was aware of the potential physical, emotional, and mental harm that could arise from the plaintiffs consuming the silk unsweetened almond milk and quaker instant oatmeal apples and cinnamon, caused by the fault, or in the alternative, negligence of Sam's Club, owned by the defendant, operations in selling and marketing of the defective Silk unsweetened almond milk,
Quaker instant oatmeal apples and cinnamon that the plaintiffs consumed.

## JURISDICTION AND VENUE

2. Subject jurisdiction is conferred upon this Court by 28 U.S.C. § 1332. This action is of a civil nature and involves a controversy wholly between citizens of two different states.

1

3. Venue is proper in this Court since the amount in question exceeds $75,000 and the plaintiffs and the defendant are residents of two different states.

## PARTIES

4. Plaintiff, Ubong Christopher Ubokudom, is currently a natural person residing in Richland County, South Carolina, and Plaintiff JuJu (minor), is a natural person residing in another state and county.
5. Defendant Walmart Inc. is a business entity that was incorporated in the state of Delaware with its principal place of business in the state of Arkansas, which owns and operates Sam's Club. The defendant, Walmart Inc., is a citizen of the state of Arkansas with its principal place of business in the state of Arkansas.
6. At all times relevant to this complaint, the defendants acted through their agents, supervisors, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

## BACKGROUND

7. Plaintiff states that on or about 4/26/24 and for a few days following 4/26/24, the plaintiffs consumed defective items purchased at the Sam's Club on 22500 Eight Mile Rd., Southfield, MI 48033 and they were harmed by these defective items that they consumed. The plaintiffs purchased several items, which included: Silk unsweetened almond milk and Quaker instant oatmeal apples and cinnamon. Walmart Inc. is the parent company of Sam's Club. Walmart shares in the income generated by the sale of food, drinks, and other products sold at this Sam's club location and shares in the proceeds of the sale of the products that harmed the plaintiffs. While shopping at the Sam's Club on 22500 Eight Mile Rd., Southfield, MI 48033 and purchasing these defective items, the plaintiffs experienced discrimination because their ability to purchase non-defective items was limited. The plaintiffs should be able to have equal enjoyment of goods, services, facilities, privileges, advantages, and accommodations, and they should not be discriminated against on the account of their race.

FIRST CLAIM FOR RELIEF

(Violation of Michigan Compiled Laws 750.436, Michigan Compiled Laws 750.91, Michigan Compiled Laws 600.2949a, Michigan Compiled Laws 289.111. )

8.
> A. The silk unsweetened almond milk and quaker instant oatmeal apples and cinnamon, was purchased in or around the month of April of 2024 and was unreasonably dangerous. The defendant is liable to the plaintiffs for the physical, emotional, and mental harm that these products caused.
> B. The product in question, silk unsweetened almond milk was and is routinely sold by the Sam's Club owned by the defendant, and it reached the plaintiffs in the same condition as it was at the time of sale and the silk unsweetened almond milk was consumed in the same condition as it was at the time of sale; when it was consumed separately.

2

C. The product in question, Quaker oats apples and cinnamon was and is routinely sold by Sam's Club owned by the defendant, and it reached the plaintiffs in the same condition as it was at the time of sale and the Quaker oats apples and cinnamon was consumed along with the silk unsweetened almond milk after following the instructions on the Quaker oats apples and cinnamon packaging.

D. The items in question were not expired and the packaging was intact; further, the plaintiffs are in no way guilty of any fault, and the defendant is strictly liable to the plaintiffs under the Michigan Compiled Laws 750.436, Michigan Compiled Laws 750.91, Michigan Compiled Laws 600.2949a, Michigan Compiled Laws 289.111.

E. The defendant deviated from their normal standard customer service practices by intentionally limiting the plaintiffs' ability to purchase items that were not defective.

F. The silk unsweetened almond milk and Quaker instant oatmeal apples and cinnamon were defectively manufactured; further, the container that it was sold in had no warnings or had a lack of warnings, rendering the product defectively marketed; the producing cause of the harm experienced by Ubong Christopher Ubokudom and JuJu was the fault of the defendant.

G. At all material times, the defendant was aware of the dangers in selling the product to the plaintiffs; they knew of the likely consequences of such acts; they knew of the risks involved and acted with a conscious indifference and willful and wanton disregard for the safety of Ubong Christopher Ubokudom and JuJu.

H. Sam's club, owned by the defendant, is an expert seller of the silk unsweetened almond milk and quaker instant oatmeal apples and cinnamon and had a duty to test and inspect the product for unreasonably dangerous conditions, which they either failed to do, or alternatively, which they negligently, or in the alternative, did with malice with complete disregard for the dangers inherent in the silk unsweetened almond milk and quaker instant oatmeal apples and cinnamon that was defective and caused the physical, emotional, and mental harm experienced by the plaintiffs with the sale of this product.

I. The defendant could have removed these items so they would not have been purchased or informed the plaintiffs that these items were defective and unreasonably dangerous, and they should not be purchased. The defendant failed to remove these items and failed to warn the plaintiffs of the dangers of purchasing these items and consuming them.

9. The defendant is liable for the fault, or in the alternative, the negligence of Sam's Club owned by Walmart, because it dictates precisely the policies and practices required of all Sam's Club stores in the sale of the products in question, Silk unsweetened almond milk and Quaker instant oatmeal apples and cinnamon.

10. On or about 4/26/24 and for a few days following 4/26/24, JuJu consumed Silk unsweetened almond milk and Quaker instant oatmeal apples and cinnamon, items purchased at the Sam's Club on 22500 Eight Mile Rd., Southfield, MI 4803. She began to develop intermittent finger pain as well as paresthesias in her fingers and constant neck pain and neck stiffness. JuJu also experienced two incidents in which she wet the bed while sleeping at night and she had significant bouts of stuttering.

11. Ubong Christopher Ubokudom began to experience diffuse involuntary muscle contractions, muscle pain, palpitations, chest pain, facial contractions, and involuntary unilateral eyelid contractions at or around May 1st. After consuming the items in question.

3

12. Ubong Christopher Ubokudom, began restricting the food that he gave his daughter. Initially, he started by not providing her with oatmeal and almond milk in the morning. Eventually, his daughter's symptoms resolved after he stopped providing her with drinks and food purchased from Sam's Club on 22500 Eight Mile Rd., Southfield, MI 48033.

13. After eating the items in question, the plaintiffs developed physical symptoms that were very concerning. The plaintiffs have also experienced psychological damage due to their traumatic experience. The defendants knew these items were dangerous and intentionally made these items available for the plaintiffs to purchase and consume. These defective products could have led to the demise of JuJu and Ubong Christopher Ubokudom, and they may still lead to chronic disease, paralysis, and a cardiovascular and/or neurovascular event in the future for the plaintiffs.

14. The plaintiffs further contend that the defendant is liable under the doctrine of negligence for failing to provide the plaintiffs with reasonably safe silk unsweetened almond milk and Quaker instant oatmeal apples and cinnamon, and failing to warn them in any efficient manner of the dangers inherent in consuming this item in question.

15. Plaintiffs come now and sue Walmart Inc. for gross negligence, strict liability, and violation of Michigan Compiled Laws 750.436, Michigan Compiled Laws 750.91, Michigan Compiled Laws 600.2949a, and Michigan Compiled Laws 289.111, for willful and wanton disregard of the rights, safety, and welfare of Ubong Christopher Ubokudom and JuJu due to purchasing of the silk unsweetened almond milk and quaker instant oatmeal apples and cinnamon in the defective state in which it was sold by the defendant, and for the marketing defect of no warning, or in the alternative, insufficient warning, because Sam's Club owned by Walmart Inc. fully knew and was aware of the potential physical, emotional, and mental harm that could arise from the plaintiffs consuming the silk unsweetened almond milk and quaker instant oatmeal apples and cinnamon caused by the fault, or in the alternative, negligence of their operations in selling and marketing of the defective silk unsweetened almond milk and quaker instant oatmeal apples and cinnamon consumed by the plaintiffs.

16. Defendants are directly and/ or vicariously liable for the actions of their employees.

17. The above-described conduct by Sam's club, owned by the defendant, violates Michigan Compiled Laws 750.436, Michigan Compiled Laws 750.436, Michigan Compiled Laws 750.91, Michigan Compiled Laws 600.2949a, and Michigan Compiled Laws 289.111.

18. The conduct by the defendant described herein was in wanton, reckless, and intentional disregard of societal obligations, and constituted a reckless and outrageous indifference to the health, safety, and welfare of others, and the defendants should be assessed compensatory and punitive damages in the amount of $250,000,000.00 in order to deter the defendant and others similarly situated from this and similar kinds of conduct in the future.

SECOND CLAIM FOR RELIEF:

(Violation of the Elliott-Larsen Civil Rights Act)

19. In or around April of 2024, when the plaintiffs were shopping at Sam's Club, owned by the defendant, Sam's Club deviated from their normal standard customer service practices by intentionally limiting the plaintiffs' ability to purchase non-defective products. The Silk unsweetened almond milk and Quaker

4

instant oatmeal apples and cinnamon were some of the items that were defective that were purchased and later consumed by the plaintiffs.

20. The plaintiffs experienced discrimination based on their race; the plaintiffs were not ensured the full enjoyment of goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation without discrimination.

21. The above-described conduct violates the Elliott-Larsen Civil Rights Act, which prohibits discrimination in place of public accommodations based on race.

22. As a result of the above-described discrimination, Ubong Christopher Ubokudom and JuJu, suffered, continue to suffer, and may permanently suffer from feelings of racial stigmatization, embarrassment, humiliation, anger, indignity, and shame. The conduct of Sam's club, owned by Walmart Inc., described herein wanton, reckless, and intentional disregard of societal obligations, and constituted a reckless and outrageous indifference to a highly unreasonable risk of harm, and conscious indifference to the health, safety, and welfare of others, and defendants should be assessed punitive damages in the amount of $250,000,000.00, in order to deter defendants and others similarly situated from this and similar kinds of conduct in the future.

## PRAYER FOR RELIEF

1. WHEREFORE, Plaintiffs respectfully request judgment as follows:
    a. Awarding Plaintiffs treble and/ or punitive damages.
    b. Awarding plaintiffs nominal damages.
    c. Awarding plaintiffs with an injunctive relief.
    d. Awarding any other relief as this Honorable Court deems just and appropriate.

We believe, because of the above information, that we, the plaintiffs, are entitled to and do request a judgment for $ 500,000,000.00 plus all general and equitable relief as allowed by law, and all costs of court, plus both pre-judgement and post-judgement interest allowed by law and an injunction to immediately stop the conduct that is causing harm. We believe this judgment will help to deter corporations in the future from recklessly destroying the lives of individuals, families, and communities.

<u>Plaintiff prays that the court enter an order:</u>

2. Declaring that the discriminatory policies and practices of the defendant violate  Elliott-Larsen Civil Rights Act, Michigan Compiled Laws 750.436, Michigan Compiled Laws 750.91, Michigan Compiled Laws 600.2949a, and the Michigan Compiled Laws 289.111.

3. Enjoining the defendants, their employees, agents, and successors, and all other persons in active concert or participation with them, from engaging in any act or practice which, on the basis of race denies or abridges any rights secured by Elliott-Larsen Civil Rights Act.

4. Requiring the defendants, their employees, agents, and successors, and all other persons in active concert or participation with the defendants, to take such affirmative steps as may be necessary to remedy the effects of past unlawful conduct and to prevent the recurrence of discriminatory conduct in the future. The plaintiff further prays for such additional relief as the interest of justice may require.

A TRIAL BY JURY DEMANDED.

The information provided in this document is true to the best of my knowledge. I have personal knowledge of the facts stated herein and can testify to their truthfulness.

Signed this the 17th of September, 2025.

Dated: 9/17/25

Signature of Plaintiff (or his attorney)
Ubong Ubokudom
P.O. Box 1594
Columbia, SC 29202

NOTARY PUBLIC

Sworn to and subscribed before me, this the 17th of September, 2025.

Notary Public Signature: _____

My Commission Expires: 03/26/35

HANNAH CHAPMAN
Notary Public-State of South Carolina
My Commission Expires
March 26, 2035

State of South Carolina
County of Richland

On this 17th day of September, 2025, before me personally appeared Ubong Ubokudom, who provided satisfactory evidence of his/her identification to be the person whose name is subscribed to this instrument and he/she acknowledged that he/she executed the foregoing instrument by his/her signature here.

Document Holder's Signature

6