IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Ubong Christopher Ubokudom; J., *a minor*,

Plaintiffs,

v.

Walmart Inc.,

Defendant.

C/A No.: 3:25-cv-12608-SAL

**ORDER**

Plaintiff Ubong Christopher Ubokudom, proceeding *pro se*, filed this civil action for himself and on behalf of his minor daughter. This matter is before the court on the Report and Recommendation (the "Report") issued by United States Magistrate Judge Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). [ECF No. 33.] The Report recommends dismissal of this action without prejudice for failure to bring the case into proper form. *Id.* At the time the Report was issued, Plaintiff had not filed the documents necessary to bring this case into proper form, despite being directed to do so by the court. Thus, the magistrate judge recommended dismissal for failure to comply with a court order. *Id.* The magistrate judge also denied Plaintiff's motion to appoint counsel for himself and his minor daughter, explaining that the circumstances of this case do not warrant such appointment. *Id.* at 2–3.

Attached to the Report was a notice advising Plaintiff of the procedures and requirements for filing objections. *Id.* at 5. Plaintiff filed objections to the Report. *Id.* at 37. He also filed a motion to proceed in forma pauperis and other documents needed to bring the case into proper form. *See* ECF Nos. 38, 39. Additionally, Plaintiff filed a motion asking the court to appoint a

1

guardian ad litem to represent his daughter's interests or to refer this matter to South Carolina's pro bono program. [ECF No. 40.]

## STANDARD OF REVIEW

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may serve and file written objections. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)). The district court then reviews *de novo* those portions of the report or specified proposed findings or recommendations to which objection is made. *Id.* To trigger *de novo* review, an objecting party must object with sufficient specificity to reasonably alert the district court of the true ground for the objection. *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If a litigant objects only generally, the court need not explain adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id.* But a party must do more than state, "I object." *Id.*

Because Plaintiff is proceeding pro se, the court is charged with liberally construing the pleadings to allow him to fully develop potentially meritorious claims. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal

pleadings drafted by lawyers.'" (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976))). That said, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## DISCUSSION

Plaintiff filed this civil action on behalf of himself and his minor daughter, alleging that in April 2024, they became sick after eating almond milk and oatmeal purchased from a Sam's Club store owned by Defendant in Southfield, Michigan. [ECF No. 1.] He also references race discrimination, claiming his ability to purchase non-defective items was limited on that basis. *Id.* at 8. Plaintiff has filed multiple similar suits in this court, claiming various stores sold him defective products due to his race. These cases have been dismissed. *See Ubokudom v. Dolgen Corp.*, 3:25-cv-03120-JFA, ECF No. 81 (dismissing claims that Plaintiff consumed tainted pizza purchased from Dollar General); *Ubokudom v. Target*, 3:25-cv-03429-SAL, ECF No. 54 (dismissing claims that Plaintiff consumed toxic or adulterated pizza purchased from Target); *Ubokudom v. Walmart, Inc.*, 3:25-cv-03431-SAL, ECF No. 69 (dismissing claims of defective Lunchables purchased from Walmart). Previously, Plaintiff has been advised that he cannot bring claims on behalf of his minor daughter, as the Fourth Circuit has explicitly held "that non-attorney parents generally may not litigate the claims of their minor children in federal court." *Myers v. Loudoun Cnty. Pub. Sch.*, 418 F.3d 395, 405 (4th Cir. 2005). The court adopts the magistrate judge's recommendation and dismisses without prejudice the claims on behalf of J., Plaintiff's minor daughter.

Plaintiff asks this court to appoint a guardian ad litem. [ECF No. 40.] The appointment of a guardian ad litem is in this court's discretion. *See* Fed. R. Civ. P. 17(c)(2) ("The court must

appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in this action."). In light of the court's decision to dismiss the claims brough on behalf of the minor child, the court declines to appoint a guardian ad litem. *See Campbell v. Garlington*, No. 5:21-cv-61-FL, 2021 WL 2270675, at \*8 (E.D.N.C. June 3, 2021) (declining to appoint a guardian ad litem under Rule 17(c) where no claims remained and where a custody order called into question the authority of a parent to involve minor children in a lawsuit).

As to Plaintiff's individual claims, Plaintiff has now filed a motion to proceed in forma pauperis, ECF No. 38, and a proposed summons, ECF No. 39. As a result, the basis for the recommended dismissal is now moot. The court therefore recommits the matter to the magistrate judge for screening.

<b>CONCLUSION</b>

As explained above, Plaintiff has now filed documents in an attempt to bring the case into proper form. Accordingly, the court finds the Report partly **MOOT**. But the court agrees that the claims brought on behalf of Plaintiff's minor daughter must be **DISMISSED WITHOUT PREJUDICE AND WITHOUT ISSUANCE AND SERVICE OF PROCESS**. Plaintiff's motion for alternative relief to protect J.'s interests, ECF No. 40, is **DENIED**.

This case is recommitted to the magistrate judge.

**IT IS SO ORDERED.**

April 24, 2026                                          Sherri A. Lydon
Columbia, South Carolina                     United States District Judge