IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Ubong Christopher Ubokudom,<br><br>Plaintiff,<br><br>v.<br><br>Walmart Inc.,<br><br>Defendant. | ) | C/A No. 3:25-12608-SAL-PJG<br><br>**ORDER AND**<br>**REPORT AND RECOMMENDATION** |

Plaintiff Ubong Christopher Ubokudom, proceeding *pro se*, brings this action alleging violations of his civil rights and personal injuries from defective products. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for initial review pursuant to 28 U.S.C. § 1915. Having reviewed the Amended Complaint in accordance with applicable law, the court recommends that this action be summarily dismissed without prejudice and without issuance and service of process.[1]

## I. Background

The claims raised by Plaintiff in his Amended Complaint arose during two distinct consumer purchases at different times and in different locations. Plaintiff first raises claims about purchasing allegedly defective products on April 26, 2024 from a Sam's Club located in Southfield, Michigan.[2] He alleges that he consumed Silk unsweetened almond milk and Quaker

[1] Plaintiff moves for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (ECF No. 38.) A review of the motion reveals that Plaintiff should be relieved of the obligation to prepay the full filing fee. Therefore, Plaintiff's motion for leave to proceed *in forma pauperis* is granted.

[2] Plaintiff also raises claims in the Amended Complaint on behalf of his minor daughter regarding this incident. However, those claims were dismissed by Order issued April 24, 2026. (ECF No. 41.)

instant oatmeal (apples and cinnamon flavor) from the Sam's Club which, approximately five days later, caused him to experience "diffuse involuntary muscle contractions, muscle pain, palpitations, chest pain, facial contractions, and involuntary unilateral eyelid contractions." (Am. Compl., ECF No. 12 at 3-4.) The second incident occurred on January 24, 2025, when Plaintiff purchased and consumed an allegedly defective "Lunchables Chicken Dunks Kids Lunch Meal Kit" from a Walmart store located in Columbia, South Carolina, and suffered physical, emotional, and mental harm as a result. (Id., ECF No. 12 at 5-6.)

## II. Discussion

### A. Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint. The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. This statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

To state a claim upon which relief can be granted, the plaintiff must do more than make mere conclusory statements. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 570. The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555.

This court is required to liberally construe *pro se* complaints, which are held to a less stringent standard than those drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007); King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). In construing a *pro se* pleading, the court should examine the context of the allegations to identify whether the thrust of the complaint points to an "essential grievance." Jackson v. Dameron, 171 F.4th 641, 650 (4th Cir. 2026). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Iqbal, 556 U.S. at 684 (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). While the court is charged with liberally construing *pro se* pleadings, it should not act as a legal advocate for *pro se* litigants. Jackson, 171 F.4th at 650. Nor must it conjure up every claim imaginable from the plaintiff's factual allegations or scour pleadings for stray phrases or sentence fragments for additional claims beyond those fairly indicated by the plaintiff's essential grievance. See id. at 645, 650.

**B. Analysis**

**1. January 24, 2025 Purchase**

Plaintiff's claims regarding this purchase should be dismissed as duplicative of Ubokudom v. Walmart, C/A No. 3:25-3431-SAL ("Ubokudom I"). In Ubokudom I, Plaintiff initiated a products liability action against Walmart in state court concerning an allegedly defective "Lunchables Chicken Dunks Kids Lunch Meal Kit" purchased on January 24, 2025. Walmart removed the case to this court and moved for judgment on the pleadings based on Plaintiff's failure to adequately plead a claim of either negligence or products liability under South Carolina law. After full litigation of the issues, the court granted Walmart's motion for judgment on the

pleadings. Additionally, the court denied Plaintiff's motion to amend his Second Amended Complaint to add a claim that the defendant targeted him with the toxic Lunchables because of his race, as Plaintiff had failed to show why he could not have raised that issue in any of the three previously-filed complaints or amended complaints.

Generally, duplicative litigation within the federal courts is disfavored. See generally Stone v. Dep't of Aviation, 453 F.3d 1271, 1278 (10th Cir. 2006) ("A plaintiff's obligation to bring all related claims together in the same action arises under the common law rule of claim preclusion prohibiting the splitting of actions."); Motley Rice, LLC v. Baldwin & Baldwin, LLP, 518 F. Supp. 2d 688, 697 (D.S.C. 2007) (quoting Serlin v. Arthur Andersen & Co., 3 F.3d 221, 223 (7th Cir. 1993)). Therefore, courts should dismiss successive actions that are duplicative or redundant of cases already filed in the same court. See Cottle v. Bell, 229 F.3d 1142 (4th Cir. 2000) ("Because district courts are not required to entertain duplicative or redundant lawsuits, they may dismiss such suits as frivolous pursuant to § 1915(e).") (citing Aziz v. Burrows, 976 F.2d 1158, 1158 (8th Cir. 1992)); McWilliams v. State of Colo., 121 F.3d 573, 574 (10th Cir. 1997) (" 'Repetitious litigation of virtually identical causes of action' may be dismissed under § 1915 as frivolous or malicious.") (quoting Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988)); Wilson v. Lynaugh, 878 F.2d 846, 850 (5th Cir. 1989) ("To this end, IFP complaints may be dismissed as frivolous pursuant to § 1915(d) when they seek to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the IFP plaintiff."); see also Brown v. Plansky, 24 F. App'x 26, 27-28 (2d Cir. 2001) (affirming the district court's *sua sponte* dismissal of a complaint that was duplicative of an action previously brought by the plaintiff). Accordingly, Plaintiff's claims regarding his January 24, 2025 purchase at Walmart should be dismissed as duplicative.

**2. April 26, 2024 Purchase**

With regard to Plaintiff's claims concerning his April 26, 2024 purchase of Silk unsweetened almond milk and Quaker instant oatmeal (apples and cinnamon flavor) from a Sam's Club located in Southfield, Michigan, Plaintiff alleges the defendant violated Title II of the Civil Rights Act of 1964 ("Title II"), 42 U.S.C. §§ 2000e, et seq.; as well as §§ 37.2101-37.2804 (the "Elliott-Larsen Civil Rights Act"), 289.111, 600.2949a, 750.436, and 750.91 of the Michigan Compiled Laws.

Initially, the court notes that Plaintiff raises numerous claims—see Mich. Comp. Laws §§ 750.436 & 750.91 (criminal offenses for poisoning consumable products and for attempting to commit murder by, for example, poisoning)—that are not recognizable legal causes of action in a civil case. Plaintiff has no standing to seek relief for these offenses in a civil case. See generally Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); see also Harris v. Salley, 339 F. App'x 281 (4th Cir. 2009). Similarly, while Plaintiff purportedly alleges a violation of § 289.111 of the Michigan Compiled Laws, the court observes that this law simply provides the legal standard of purity for food products in prosecutions under food and drug laws in Michigan. Plaintiff fails to show that it creates a private cause of action.

Additionally, Plaintiff's claims pursuant to Title II of the Civil Right Act of 1964 and the Elliott-Larsen Civil Rights Act are based on allegations that the defendant "intentionally limit[ed]" Plaintiff's ability to purchase non-defective products because of his race. (Am. Compl., ECF No. 12 at 1, 7.) However, Plaintiff has not adequately pled a cause of action under either of these Acts because he has pled no facts to support his barebones allegations. For instance, he has not identified any actor, discriminatory statement, race-based denial of service, or policy that could

have resulted in the treatment he alleges. Such scant allegations clearly run afoul of the federal pleading requirements that a complaint contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. See Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 570; Fed. R. Civ. P. 8.

Plaintiff's allegation that the defendant violated § 600.2949a of the Michigan Compiled Laws—a product liability provision—similarly fails to meet the federal pleading standard. A plaintiff invoking § 600.2949a must establish that: (1) the defendant had actual knowledge that the product was defective; (2) there was a substantial likelihood that the defect would cause the injury that is the basis of the action; and (3) the defendant willfully disregarded that knowledge in the manufacture or distribution of the product. Mich. Compl. Laws § 600.2949a. Here, Plaintiff vaguely alleges that he purchased two "defective" items from Sam's Club and became ill several days after consuming them. (Am. Compl., ECF No. 1-4.) He alleges that the items were not expired and the packaging for both items was intact at the time of purchase. Importantly, Plaintiff fails to plead facts indicating how the items were toxic or defective or how those defects caused his alleged illness. Plaintiff offers no factual allegations identifying a suspected toxin or other defect that would cause Plaintiff's illness. Nor do any of his factual allegations allow for a reasonable inference that the defendant knew that the products were defective. Thus, Plaintiff's threadbare recitation of the statutory elements fails to satisfy the federal pleading standard or adequately state a plausible products liability claim against the defendant. See Fed. R. Civ. P. 8 (requiring that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); Iqbal, 556 U.S. at 678 (stating Federal Rule of Civil Procedure 8 does not require detailed factual allegations, but it requires more than a plain accusation that the defendant unlawfully harmed the plaintiff, devoid of factual support); Twombly, 550 U.S. at 555 (finding

that a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action").

## III. Plaintiff's Motions for a Temporary Restraining Order and Preliminary Injunction[3]

A plaintiff seeking a temporary restraining order or a preliminary injunction must establish: (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest. Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); 2311 Racing LLC v. NASCAR, 139 F.4th 404, 408 (4th Cir. 2025). A plaintiff must make a clear showing that he is likely to succeed on the merits of his claim. Winter, 555 U.S. at 22; NASCAR, 139 F.4th at 408. Similarly, he must make a clear showing that he is likely to be irreparably harmed absent injunctive relief. Winter, 555 U.S. at 20-23; NASCAR, 139 F.4th at 408. As explained by the Supreme Court of the United States,

> [a] preliminary injunction is an extraordinary remedy never awarded as of right. In each case, courts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief. In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction.

Winter, 555 U.S. at 24 (internal quotation marks and citations omitted).

In his motions, Plaintiff essentially seeks the identical relief sought in his Amended Complaint, including enjoining the defendant from discriminating against him based on his race and restraining the defendant from "interfering with Plaintiff's ability to purchase non-defective products." (See, e.g., ECF No. 11 at 6-7; 5 at 1-2.) The court concludes that Plaintiff's motion

[3] The defendant has not had notice of Plaintiff's motions because the court has not yet authorized service pursuant to the court's initial review procedures for *pro se* cases and the defendant has not yet appeared. Therefore, the court is treating the motions as filed under Rule 65(b) of the Federal Rules of Civil Procedure rather than Rule 65(a).

should be denied because he has failed to comply with the procedural requirements of Federal Rule of Civil Procedure 65(b). A temporary restraining order should be restricted to serving the underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer. Granny Goose Foods v. Bhd. of Teamsters & Auto Truck Drivers, 415 U.S. 423, 439 (1974). Federal Rule of Civil Procedure 65 provides that a court may issue a temporary restraining order without notice to the adverse party only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). "The order is designed to preserve the status quo until there is an opportunity to hold a hearing on the application for a preliminary injunction and may be issued with or without notice to the adverse party. Any temporary restraining order granted without notice must comply with the provisions of Rule 65(b) in order to assure the restrained party some measure of protection in lieu of receiving formal notice and the opportunity to participate in a hearing." 11A Charles Allen Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice & Procedure § 2951 (3d ed. Apr. 2023).

Here, Plaintiff's Amended Complaint was sworn to and subscribed before a notary public. However, Plaintiff has not provided any indication in his motions that he attempted to notify the defendant as required by Rule 65(b)(1)(B). See 11A Wright, supra, § 2951. Moreover, because the court recommends that Plaintiff's Amended Complaint be summarily dismissed, Plaintiff cannot establish that he is likely to succeed on the merits of his claims. Accordingly, Plaintiff's motions for a temporary restraining order should be denied. (ECF Nos. 5 & 11.)

**RECOMMENDATION**

For the foregoing reasons, it is recommended that this action be summarily dismissed without prejudice and without issuance and service of process.[4] Additionally, Plaintiff's motions for a temporary restraining order (ECF Nos. 5, 11) should be denied, and Plaintiff's filing which the court interpreted as a motion seeking a hearing on his motions for a temporary restraining order should be terminated as moot (ECF No. 9).

July 20, 2026
Columbia, South Carolina

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

[4] Because Plaintiff has received notice of these deficiencies of nearly identical claims in his other cases that Plaintiff failed to cure (see, e.g., C/A No. 25-3120; C/A No. 25-3429, C/A No. 25-3431, C/A No. 25-12971; C/A No. 25-12972), the court concludes that granting Plaintiff further opportunity to amend would be futile.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).