IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Ubong Christopher Ubokudom,

Plaintiff,

v.

Walmart, Inc.,

Defendant.

C/A No.: 3:25-cv-12608-SAL

**ORDER**

Plaintiff Ubong Christopher Ubokudom, proceeding *pro se*, filed this civil action. This matter is before the court on the Report and Recommendation (the "Report") issued by United States Magistrate Judge Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), recommending that the court dismiss this action without prejudice. [ECF No. 56.] As explained in the Report, some claims in this action are subject to dismissal because they are duplicative of claims in another action, *Ubokudom v. Walmart*, C/A No. 3:25-cv-3431-SAL, which was dismissed in September 2025. *Id.* at 3–4. Other claims are subject to dismissal because Plaintiff has failed to adequately plead those claims. *Id.* at 5–7.

Attached to the Report was a notice advising Plaintiff of the procedures and requirements for filing objections to the Report. *Id.* at 10. Plaintiff timely objected. [ECF No. 62.]

**STANDARD OF REVIEW**

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may serve and file written objections. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)). The district court then reviews *de novo*

1

those portions of the report or specified proposed findings or recommendations to which objection is made. *Id.* To trigger *de novo* review, an objecting party must object with sufficient specificity to reasonably alert the district court of the true ground for the objection. *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If a litigant objects only generally, the court need not explain adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of the claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id.* But a party must do more than state, "I object." *Id.*

Because Plaintiff is proceeding pro se, the court is charged with liberally construing the pleadings to allow him to fully develop potentially meritorious claims. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976))). That said, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

2

## DISCUSSION

Plaintiff filed this civil action on behalf of himself and his minor daughter,[1] alleging that in April 2024, they became sick after eating almond milk and oatmeal purchased from a Sam's Club store owned by Defendant in Southfield, Michigan, and in January 2025, they became sick after eating a Lunchables Chicken Dunks Kids Lunch Meal Kit purchased from a Walmart in Cayce, South Carolina. [ECF No. 12.] Plaintiff references South Carolina, Michigan, and federal law in his complaint. In addition to product liability claims, he alleges race discrimination by Defendant, claiming his ability to purchase non-defective items was limited on that basis.[2] *Id.* at 7–8. The magistrate judge recommends that this case be summarily dismissed in its entirety.

The claims concerning the January 2025 purchase of the Lunchables Meal Kit are duplicative of those in an earlier action that was originally removed to this court by Defendant and ultimately dismissed by the court. *See Ubokudom v. Walmart, Inc.*, 3:25-cv-03431-SAL, ECF No. 69 (dismissing claims of defective Lunchables purchased from Walmart).

As to the claims regarding the April 2024 purchase and consumption of almond milk and oatmeal, the magistrate judge recommends summary dismissal because either the laws Plaintiff relies on do not provide a cognizable cause of action in a civil case or, to the extent they do, Plaintiff has not adequately pleaded a cause of action. For instance, Plaintiff relies on Michigan laws, including Mich. Comp. Laws §§ 750.436 & 750.91 related to criminal offenses for poisoning

---

[1] The court has already dismissed the claims Plaintiff brought on behalf of his minor daughter. *See* ECF No. 41.

[2] Plaintiff has filed multiple similar suits in this court, claiming various stores sold him defective products due to his race. These cases have been dismissed. *See Ubokudom v. Dolgen Corp.*, 3:25-cv-03120-JFA, ECF No. 81 (dismissing claims that Plaintiff consumed tainted pizza purchased from Dollar General); *Ubokudom v. Target*, 3:25-cv-03429-SAL, ECF No. 54 (dismissing claims that Plaintiff consumed toxic or adulterated pizza purchased from Target); *Ubokudom v. Walmart, Inc.*, 3:25-cv-03431-SAL, ECF No. 69 (dismissing claims of defective Lunchables purchased from Walmart).

consumable products, and Mich. Comp. Law § 289.111 providing the legal standard of purity for food products under food and drug laws in Michigan, but these do not create a cause of action for Plaintiff's civil case. *See* ECF No. 56 at 5. But even to the extent other laws, including the Elliott-Larsen Civil Rights Act and Michigan product liability laws, supply a cause of action that Plaintiff may pursue, Plaintiff's pleadings are insufficient. *Id.* at 5–7. As the Report explains, Plaintiff's race-based claims fail to identify any actor, discriminatory statement, race-based denial of service, or policy that could have resulted in the treatment he alleges. These scant allegations do not adequately plead a claim. *Id.* at 5–6 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); Fed. R. Civ. P. 8). Plaintiff's claims under Michigan product liability law are likewise insufficient. His threadbare allegations fail to indicate how the items were toxic or defective, allege a toxin or defect that would cause Plaintiff's alleged illness, or allow a reasonable inference that Defendant knew the products were defective. *Id.* at 6. Accordingly, the magistrate judge recommends summary dismissal of the complaint in its entirety. She also recommends denial of Plaintiff's pending motions for a temporary restraining order. *Id.* at 7–8.

The court agrees with and adopts the reasoning in the Report.

In his objections, Plaintiff argues that dismissal is premature in that the complaint has not been served and discovery has not taken place. [ECF No. 62 at 1.] However, the law allows a district court to dismiss a case like Plaintiff's at this stage upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). As explained in the Report, Plaintiff's pleadings are either duplicative or otherwise deficient, and thus dismissal is warranted. Plaintiff argues that he is not required to produce evidence at this stage,

ECF No. 62 at 1–2. But the court is not dismissing the case based on a lack of evidence. It is dismissing based on insufficient pleadings. Plaintiff also references the fact that he does not have an attorney representing him. [ECF No. 62 at 2.] The court has liberally construed Plaintiff's pleadings given his pro se status, as it is required to do. Even so, those pleadings are insufficient to state a claim on which relief may be granted. *See* ECF No. 56 at 3–7.

Finally, Plaintiff offers new evidence, specifically, a medical affidavit he authored and other documentation to confirm the medical issues he alleges in his complaint. *See id.* at 2–3; ECF No. 62-2. Ultimately, this evidence does not bear on the reasons for dismissal. The court is not dismissing this case based on credibility findings or a lack of evidence. Rather, Plaintiff's claims must be dismissed because they are duplicative or fail to state a claim upon which relief can be granted. The court thus overrules all of Plaintiff's objections.

## CONCLUSION

After de novo review of the Report, the applicable law, and the record of this case, the court overrules Plaintiff's objections and adopts and incorporates the Report. ECF No. 56. Accordingly, this case is **SUMMARILY DISMISSED** without prejudice and without issuance and service of process.

Because this case is being dismissed, and for the reasons given in the Report, the court also **DENIES** Plaintiff's motions for a temporary restraining order and for a preliminary injunction. [ECF Nos. 5, 11.] Plaintiff's motion for a hearing, ECF No. 9, is terminated as **MOOT**.

**IT IS SO ORDERED.**

August 10, 2026                                    Sherri A. Lydon
Columbia, South Carolina                    United States District Judge

5